**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KRISTY L. JIMENEZ,

          Plaintiff-Appellant,

v.

SERVICE EMPLOYEES
INTERNATIONAL UNION LOCAL 775,
a local chapter of an unincorporated labor
organization; et al.,

          Defendants-Appellees.

No.   22-35238

D.C. No. 1:21-cv-03128-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted October 19, 2023[**]
San Francisco, California

Before:  W. FLETCHER, NGUYEN, and R. NELSON, Circuit Judges.

Appellant Kristy Jimenez lives in Washington State and provides in-home

health services to several of her family members.  Until May 2021, she paid union

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dues to Appellee SEIU Local 775. She brings claims under 42 U.S.C. § 1983 against all Appellees, a claim under the Racketeer Influenced and Corrupt Organizations ("RICO") Act against Appellees SEIU Local 775 and SEIU International, and two state law claims. The district court granted a motion to dismiss Jimenez's claims against Appellees the Governor of Washington and the Acting Secretary of the Washington Department of Social and Health Services (the "State Defendants"). The court also granted a motion for judgment on the pleadings regarding Jimenez's claims against SEIU Local 775 and SEIU International. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The § 1983 claims against SEIU Local 775 and SEIU International fail for lack of state action. *See Belgau v. Inslee*, 975 F.3d 940, 946–49 (9th Cir. 2020); *Wright v. Serv. Emps. Int'l Union Loc. 503*, 48 F.4th 1112, 1121–25 (9th Cir. 2022).

2. Jimenez lacks standing to seek prospective relief against the State Defendants. Her dues deductions stopped before she filed suit, and the district court did not err in finding that Jimenez has not shown that future injury is sufficiently likely to warrant prospective relief.

3. Jimenez's RICO allegations, accepted as true, do not show that either SEIU Local 775 or SEIU International acted with "the specific intent to defraud"

2

required for the alleged predicate offense of wire fraud. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). The facts alleged do not "tend to exclude a plausible and innocuous alternative explanation" for the unauthorized deductions she alleges. *Id.* at 998. The district court thus properly dismissed Jimenez's RICO claim.

4. The district court appropriately dismissed Jimenez's claims with prejudice. "Dismissal with prejudice . . . is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The allegations in Jimenez's complaint show that SEIU Local 775 and SEIU International are not state actors and that Jimenez lacks standing to pursue her claims against the State Defendants. With regard to her RICO claim, Jimenez has proposed to amend her complaint, but only to fix a typographical error. She has not argued to us that there is any additional information she would include in an amended complaint that would address that claim's deficiencies.

**AFFIRMED.**